No. 23,919.

JOHN J. FORMAN, *Appellee,* v. C. C. SURBER, *Appellant.*

SYLLABUS BY THE COURT.

1. MALPRACTICE—*Demurrer to Evidence Properly Overruled.* Under the evidence outlined in the opinion, it was not error for the court to overrule the defendant's demurrer to the plaintiff's evidence.

2. SAME—*Expert Testimony—Proper Treatment of Broken Bone.* A physician and surgeon may testify as an expert concerning what would be the proper treatment of a broken bone.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed March 10, 1923. Affirmed.

*Edwin D. McKeever, Arch M. McKeever,* both of Topeka, and *Charles D. Shukers,* of Independence, for the appellant.

*Charles Bucher,* of Coffeyville, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff recovered judgment against the defendant, a physician and surgeon, for negligence in treating the plaintiff's broken arm. The defendant appeals.

1. A demurrer of the defendant to the evidence of the plaintiff was overruled. That is urged as error. The humerus of the plaintiff's left arm was broken, and the defendant set the broken bone. There was evidence which tended to show that about two days after the arm was set the plaintiff felt the parts of the broken bone grating on each other; that he reported that fact to the defendant; and that the defendant, after a cursory examination of the arm, stated to the plaintiff that the arm was all right, that it was straight, that parts of the bone were in apposition to each other, that they were not moving, and that the trouble was in the plaintiff's head and not in his arm. The evidence tended to show that the plaintiff continued to feel the bone grating for a number of days

and continued to report to the defendant, who continued to state that the bone was all right and that the trouble was in the plaintiff's head; that when the splints and bandages were removed the arm was crooked; that the plaintiff wanted his arm straightened; that the defendant advised against rebreaking and resetting the arm; that the arm was again broken and the bone reset; but the parts never again united; and that his arm is useless. A physician and surgeon described what would have been proper treatment for the arm and what would have been proper examinations of it after the plaintiff's complaints. That treatment was not used and those examinations were not made by the defendant. The evidence compelled the submission of the case to the jury. It was not error to overrule the demurrer to the evidence.

2. Complaint is made of hypothetical questions asked of the physician and surgeon who testified in behalf of the plaintiff. The questions were not asked to show that the treatment used was improper, but were asked to show what would have been proper treatment. The evidence tended to show that doctors disagree somewhat concerning their treatment of broken bones, and that the same doctor will not always act in the same way, but is governed largely by the conditions that exist in each case. The evidence objected to was consistent with those differences. No reason is apparent why a physician and surgeon should be permitted to testify in response to hypothetical questions concerning what would be improper treatment and not be permitted to testify concerning what would be proper treatment. The text of 22 C. J. 662 uses this language:

"A physician may state his diagnosis of a disease, as of bodily, mental, or nervous symptoms; the occurrence of a change; the stage of development of a disease; the proper treatment to be administered. . . . "

See, also, 3 Wharton & Stille's Medical Jurisprudence, § 518.

No error appears; the judgment is affirmed.